## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | **Criminal Case No. CF0078-22** |
| | GPD Report No. 22-03669 |
| v. | CF0078-22 |
| | **DECISION AND ORDER** |
| ROMAN AARON DUENAS ALVAREZ, | **GRANTING** |
| DOB: 07/11/1994 | **DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III between April 3, 2023 through December 18, 2023 for hearing on Roman Aaron Duenas Alvarez's ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney Generals Basil O'Mallan, Yusuke Haffeman-Udagawa, Sean Brown, and Gloria Rudolph represented the People of Guam ("the People"). Attorneys Joaquin Arriola and William Brennan represented Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

### BACKGROUND

In February 2022, Defendant was arrested and indicted on charges of Attempted Murder (as a 1st Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, Aggravated Assault (as a 2nd Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, Aggravated Assault (as a 3rd Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony, and Resisting Arrest (as a Misdemeanor). See Indictment (Feb. 15, 2022).

The charges stem from a fight at the W Nightclub between Defendant and Joseph Q. Taimanglo II ("Baby Joe"). The two briefly scuffled inside the W Nightclub, several punches were thrown, and Baby Joe ultimately placed Defendant in a headlock before both parties were escorted outside. See Court Recording ("CR") at 1:54:30pm (Apr. 3, 2023); CR at 2:11:30pm (Apr. 4, 2023).

Decision and Order Granting Defendant's Motion to Dismiss
CF0078-22, *People of Guam v. Roman Aaron Duenas Alvarez*
Page 1 of 6

Once outside, the parties were separated. See Exhibit U. Defendant and his friend Brandon Aguon then entered Defendant's vehicle in an attempt to leave. See CR at 2:11:30pm (Apr. 3, 2023). However, before Defendant could leave, Baby Joe and his brother, Kelly Taimanglo, approached Defendant's vehicle in an aggressive manner. See CR at 11:13:20am (Apr. 3, 2023); CR at 2:16:00pm (Apr. 4, 2023). Yelling at Defendant, Baby Joe began punching the driver's side window which was closed and did not shatter. See CR at 11:51:50am & 2:17:20pm (Apr. 3, 2023); CR at 2:16:00pm-2:23:00pm (Apr. 4, 2023). Defendant was able to drive out of his parking spot, striking Kelly Taimanglo with his vehicle in the process. See Exhibit 4. However, Baby Joe then positioned himself to block Defendant's exit path from the parking lot. See CR at 11:15:20am (Apr. 3, 2023). At that point, Defendant accelerated towards Baby Joe, striking him with his vehicle as he left the parking lot. Id. at 11:15:40am & 2:22:30pm. Defendant then stopped his vehicle across the street at the Fuji Ichiban parking lot where he was arrested. Id. at 11:36:30am & 2:17:50pm.

On November 18, 2022, Defendant filed his Motion to Dismiss. Defendant requests dismissal, claiming that self-defense is an applicable exculpatory defense, which the People wrongly failed to instruct the Grand Jury on. See Memorandum in Support of Motion at 3-6 (Nov. 18, 2022). Additionally, Defendant claims the People wrongly failed to submit several pieces of key exculpatory evidence regarding self-defense for the Grand Jury's consideration. Id. at 6-7. Lastly, Defendant claims he is immune from prosecution under Guam's Castle Doctrine Act. Id. at 7-8.

On March 8, 2023, the People filed their Opposition to Defendant's Motion ("Opposition"). The People argued they were not required to submit the exculpatory evidence to the Grand Jury because that evidence merely supports an affirmative defense, while not directly negating essential elements of the crimes charged. See Opposition at 3-4 (Mar. 8, 2023). The People also argued Defendant did not allege sufficient facts to raise a Castle Doctrine defense, and that even if he did, dismissal is inappropriate because that would create a factual issue to be resolved by a jury. Id. at 5-8.

On March 14, 2023, Defendant filed his Reply to People's Opposition ("Reply"). Defendant contends self-defense is an exculpatory defense. See Reply at 3-4 (Mar. 14, 2023). Defendant claims

Decision and Order Granting Defendant's Motion to Dismiss
CF0078-22, *People of Guam v. Roman Aaron Duenas Alvarez*
Page 2 of 6

this created a duty for the People to submit the relevant exculpatory evidence for the Grand Jury's consideration. Id. at 3-4.

The Court held hearings on April 3, April 4, April 6, October 27, December 14, and December 18, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I.    Prosecuting attorneys are required to present exculpatory evidence to grand juries, and instruct them on possible defenses and justifications.**

During a grand jury proceeding, the prosecuting attorney presents evidence for the grand jury to determine whether "there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." See 8 G.C.A. § 50.54(b).

In doing so, "the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted." See 8 G.C.A. § 50.46. This duty to disclose covers "all substantial material evidence favorable to an accused" and "extends to matters relevant to punishment, including any evidence that goes to special circumstances". See *People v. Sablan*, D.C. Crim. No. 85-0024A, 1986 WL 68900 at 3 (D. Guam. App. Div. Oct. 24, 1986). Favorable evidence is substantially material and must be disclosed if it operates "to negate the guilt of the accused and explain away the charge". Id. at 3. Prosecuting attorneys are obligated to submit such exculpatory evidence because grand jury proceedings are unilateral and defendants are neither present nor able to submit any such evidence on their own. See 8 G.C.A. § 50.26.

Prosecuting attorneys are also required to instruct grand juries on possible defenses and justifications. See *State v. Hogan*, 764 A.2d 1012, 1024 (N.J. Super. Ct. App. Div. 2001) ("a prosecutor's obligation to instruct the grand jury on possible defenses is corollary to his responsibility to present exculpatory evidence."). "The question of whether a particular defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution." Id. at 1024. Thus, grand juries must be instructed on relevant exculpatory defenses, but need not be instructed on mere mitigating defenses. Id. at 1024. A defense is exculpatory if it "would, if believed, result in a finding of no criminal liability, *i.e.*, a complete exoneration." Id. at 1024.

Decision and Order Granting Defendant's Motion to Dismiss
CF0078-22, *People of Guam v. Roman Aaron Duenas Alvarez*
Page 3 of 6

The duty to instruct grand juries on exculpatory defenses arises "only when the facts known to the prosecutor clearly indicate or clearly establish the appropriateness of an instruction". Id. at 1025; See also *State v. Chong*, 86 Hawai'I 282, 949 P2d 122 (1997) (prosecution is not required to instruct the grand jury as to the nature and significance of evidence relating to self-defense unless the evidence clearly establishes that the accused acted in self-defense). This duty applies only when certain exculpatory defenses are obvious, because ascertaining the value of defenses can be a difficult task that is not always apparent at the grand jury stage.

If the People fail to present materially exculpatory evidence to a grand jury, dismissal of the charges within the indictment, without prejudice, is the appropriate remedy. See *Johnson v. Superior Court*, 539 P.2d 792, 796 (Cal. 1975).

**II.    The People should have presented exculpatory evidence to the Grand Jury and instructed the Grand Jury on self-defense because it is an exculpatory defense clearly indicated by the evidence obtained.**

Several self-defense provisions allow law-abiding people to protect themselves, others, and their property from intruders/attackers without fear of criminal prosecution.

Generally speaking, "the use of force upon or toward another person is justifiable when the defendant believes that such force is immediately necessary for the purpose of protecting himself against the unlawful force by such other person". See 9 G.C.A. § 7.84. However, deadly force is only justified if "the defendant believes that such force is necessary to protect himself against death, serious bodily harm, kidnapping or rape". See 9 G.C.A. § 7.86(b).

Force may also be justifiably used to protect a third party if: (1) the defendant "would be justified under § 7.84 in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect", (2) "the person whom he seeks to protect would be justified in using such protective force" and (3) "the defendant believes that his intervention is necessary for the protection of such other person." See 9 G.C.A. § 7.88(a).

Force may also be justifiably used to protect interference with property rights. See 9 G.C.A. § 7.90. However, deadly force is only justified if "the person against whom the force is used is attempting to commit or consummate arson, burglary, robbery, or other felonious theft or property

Decision and Order Granting Defendant's Motion to Dismiss
CF0078-22, *People of Guam v. Roman Aaron Duenas Alvarez*
Page 4 of 6

destruction and either: (A) has employed or threatened deadly force against or in the presence of the defendant; or (B) the use of force other than deadly force to prevent the commission or the consummation of the crime would expose the defendant or another person in his presence to substantial danger of serious bodily harm." See 9 G.C.A. § 7.90(f)(2).

Here, the People were in possession of surveillance footage covering the W Nightclub's parking lot, where the alleged crime took place. See Exhibit T. This footage shows Baby Joe pulling on Defendant's hair, following Defendant to his car, repeatedly hitting the car's windows, and standing in the way to prevent Defendant from safely leaving. Id. The People were also in possession of Defendant's post-arrest mugshots, which show significant swelling and damage inflicted on Defendant's face. See Exhibit M.

These two pieces of evidence should have alerted the People of Defendant's possible self-defense justification. Having been aware of this, the People should have instructed the Grand Jury on Guam's self-defense statutes. Furthermore, the People were obligated to present both pieces of evidence to the Grand Jury because they establish exculpatory facts favorable to the accused. Some of these facts were contradicted by other evidence the People put forward, highlighting the importance of presenting both pieces of evidence for the Grand Jury's consideration. For example, Officer Lorenzo provided Grand Jury testimony that the Defendant had multiple exit paths from the parking lot, despite the video showing one such path blocked by a white car. See CR at 2:35:00pm (Apr. 3, 2023); See also Exhibit T. These failures by the People tainted the grand jury process and necessitate dismissal of the indictment.

**III. The Court need not address Defendant's Castle Doctrine immunity claim because it is now moot.**

Because dismissal is already justified by the People's grand jury failures, the Court need not address Defendant's immunity claim under Guam's Castle Doctrine Act.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. The indictment and charges alleged within are hereby **DISMISSED WITHOUT PREJUDICE** due to the People's failure to present exculpatory evidence and instruct the Grand Jury on self-defense justifications.

Decision and Order Granting Defendant's Motion to Dismiss
CF0078-22, *People of Guam v. Roman Aaron Duenas Alvarez*
Page 5 of 6

Should the People wish to refile an indictment against Defendant, they are required:

- (1) To instruct the Grand Jury on the principals of law related to the exculpatory defenses of self-defense, defense of others, and defense of property; and

- (2) Present to the Grand Jury exculpatory evidence consisting of Defendant's mugshot and the surveillance footage capturing the alleged crimes.

IT IS SO ORDERED this __March 18, 202__

_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

___AG J. Amicla___

Date: 3/18/24 Time: 4:40

___Converio___

Deputy Clerk, Superior Court of Guam

Decision and Order Granting Defendant's Motion to Dismiss
CF0078-22, *People of Guam v. Roman Aaron Duenas Alvarez*
Page 6 of 6